Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11-cv-7778 | **DATE** | 6/20/2013 |
| **CASE TITLE** | Small v. State of Illinois Department of Public Health et al | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendants' Bill of Costs [46]. For the reasons stated below, the Court awards Defendants $5,110.56 in costs. See statement below.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Following entry of judgment in their favor, Defendants submitted a Bill of Costs in the amount of $5,175.53 [46], pursuant to Federal Rule of Civil Procedure 54(d). Plaintiff did not file an objection to the Bill of Costs.

Rule 54(d)(1) provides that costs, other than attorney's fees, should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). A strong presumption exists favoring the awarding of costs to the prevailing party; the non-prevailing party bears the burden of overcoming this presumption. *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). District courts enjoy wide discretion in determining and awarding reasonable costs. *Testa v. Vill. of Mundelein, Illinois*, 89 F.3d 443, 447 (7th Cir. 1996). Recoverable costs are set forth in 28 U.S.C. § 1920 and include the following: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. *See* 28 U.S.C. § 1920.

First, Defendants seek $64.97 for service of summons and subpoenas. However, Defendants have failed to submit any supporting documents, such as invoices, for that cost. Instead, it appears that Defendants intended to submit this cost as fees for witnesses. Lacking any supporting documentation, that cost is denied.

Second, Defendants seek $4,770.46 for court reporter, deposition and transcript costs. 28 U.S.C. § 1920(2) authorizes "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." According to Local Rule 54.1(b), the costs of a transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States. *See* http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm. Deposition charges can be awarded if the deposition appears reasonably necessary in light of the facts known at the time of the deposition. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). Reasonable attendance fees and delivery fees are also recoverable pursuant to § 1920(2). *See, e.g., Held v. Held,* 137 F.3d 998, 1002 (7th Cir. 1998); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). In this case, the six depositions for which costs are sought were of key witnesses, including Plaintiff and one Defendant, and were attached to and cited in the parties' summary judgment briefs filed in this case.

Consequently, costs for those depositions can be recovered. Having scrutinized the invoices and verified the transcript rates, the Court finds that the full amount of $4,770.46 is recoverable.

Finally, Defendants seek $340.10 for photocopying costs. 28 U.S.C. § 1920(4) authorizes "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Defendants have identified the costs as $.10 per page and identified the photocopies as: (1) the parties' document productions; and (2) the parties' summary judgment briefs and supporting documentation. Since those photocopies were necessarily obtained for use in the case, and the photocopy rate is reasonable, the full amount of $340.10 is recoverable. Consequently, Defendants are awarded costs in the amount of $5,110.56.